UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOHN BUTLER, an individual

Hon.

Plaintiff,

v.

Case No.:

FCA US, LLC, a Delaware limited liability
company

Defendant.                                    /
ANDREW M. HARRIS (P62265)
MICHAEL SHPIECE (P37321)
Attorneys for Plaintiff
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
(313) 965-7991
_____/

## COMPLAINT

NOW COMES Plaintiff, JOHN BUTLER ("Butler") by and through his attorneys,

KITCH DRUTCHAS WAGNER VALITUTTI & SHERBROOK, and for his Complaint,

states as follows:

A. For more than forty-four (44) years, Butler was employed by Defendant, FCA

US, LLC's predecessor entity, Chrysler Group, LLC ("Chrysler'). As an

employee, he was entitled to various employee benefits and could obtain

additional optional benefits by paying some or all of the cost of those benefits.

In fact, Butler elected to purchase additional disability coverage and paid for

that coverage.

B. In 2008, Butler was in an automobile accident which rendered him

permanently and totally disabled—a condition Chrysler previously

acknowledged. Since then, he has been actively pursuing his claim for the

additional disability benefit he paid for during his employment.



1

C. Unfortunately, not only has Chrysler and its insurers denied his claim—and
failed to provide coherent reasons for the denial-it has failed to produce
copies of the insurance policies and other documents which govern the
involved Plan. These failures have required Butler to hire counsel and incur
other expenses.[1]

## Nature of Action and Jurisdiction

1.   This is an action to claim benefits under the terms of the Chrysler Group,
LLC, 2002 Group Insurance Plan, Plan No. 564 ("Plan") pursuant to the Employee
Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1132(a)(1)(B), to obtain
appropriate equitable relief pursuant to ERISA, 29 U.S.C. § 1132(a)(3)(B) and obtain
relief pursuant to 29 U.S.C. § 1024(b)(4).

2.   This Court has jurisdiction over Butler's claims pursuant to 29 U.S.C. §
1132(e) and 28 U.S.C. § 1331.

3.   Venue is proper in this District Court pursuant to 29 U.S.C. § 1132(e)(2)
and 28 U.S.C. § 1391(b).

## Parties

4.   Butler is an individual residing at 1315 Edmunton, Grosse Pointe Woods,
MI 48236 who is a beneficiary under the Plan.

5.   The Defendant's predecessor entity, Chrysler[2], is the Plan administrator
and named fiduciary of the Plan.

---

[1] These introductory paragraphs represent a summary of the allegations in the Complaint, and are
included solely for the convenience and orientation of the reader. Therefore, Plaintiff waives any specific
answer to these paragraphs required by FRCP 12(a)(1)(A). Plaintiff does not waive an answer to the
remaining allegations of the Complaint.

## The Benefit

6. Butler provided exemplary service to Chrysler for approximately forty-four (44) years and throughout his career, received consistent praise and promotions from Chrysler. Butler finished his career at Chrysler as the Maintenance Manager at the Mopar Center Line Complex. **Exhibit A**.

7. In 2002, during Butler's tenure with Chrysler, he was covered under the Plan and purchased Voluntary Group Accident Insurance ("VGAI"), an option under the Plan. One of the benefits included in the VGAI that Butler purchased was a Permanent and Total Disability Benefit ("PTDB"). **Exhibit B**, pg. 47.

8. MetLife was the insurer under Chrysler's Plan and Benefits Express ("BE") served as the third-party administer. Notwithstanding MetLife's and BE's roles, Chrysler is still responsible for the Plan and its benefits.

9. For purposes of this case, the pertinent part of the Plan contained the following criteria for a participant to receive a PTDB:

- You sustain a covered accidental injury while insured;

- You are under age 70 when the injury occurs;

- You become permanently and totally disabled as a result of that injury within 180 days of the date of the accident so as to be unable to perform every duty of your occupation during the first year of disability; and thereafter be unable to engage in any occupation for the remainder of your life for which you are reasonably qualified by education, training or experience; and

- The disability has existed continuously for more than one year from the date you become permanently and totally disabled. **Exhibit B**, pg. 47.

Kirch Deutchat
Wagner Valitutti &
Sherbrook
...
Drivard, Michigan
...
(313) 965-2900

---

[2] Each reference to Chrysler within the Complaint is also pled against the Defendant. The repeated references to Chrysler are meant to simply the facts for the Court and both parties given Chrysler's recent (December 15, 2014)

10. The amount of the PTDB was **$1,000,000** based upon the premiums Butler paid for the Policy. **Exhibit B**, pg. 45.

11. In January, 2004, Butler received a Summary of Material Modifications ("SMM") from Chrysler. **Exhibit C**. The SMM referenced the VGAI repeatedly and, in no instance did it remove the PTDB quoted *supra*. **Exhibit C**, pgs. 37, 51-53. Additionally, page 84 of the SMM states "[f]or a complete description of your ERISA rights, refer to the January, 2002 Summary Plan Description ("SPD") [Exhibit B]." **Exhibit C**, pg. 84.

12. In September, 2007, Butler received a separate Summary Plan Description ("SPD") which again referenced the VGAI, yet failed to contain any reference to the 2002 PTDB Plan benefit. **Exhibit D**, pg. 35.

## The Accident

13. On July 8, 2008, Butler was severely injured in an automobile accident ("Accident") which rendered him permanently and totally disabled, a condition which unfortunately persists to this day.

14. As a result of Butler's Accident, he satisfied all four (4) criteria for the PTDB, a fact corroborated by the Social Security Administration's January 1, 2009, ruling that Butler is totally disabled as a result of the Accident as well as Chrysler's May 31, 2011, determination that Butler was totally and permanently disabled and therefore physically unable to perform his job as a Maintenance Manager of Mopar after the Accident. **Exhibit E**.



Koch Drutchas
Wagner Valitutti &
Sherbrook
xxx xxx xxxxxx xxxx xxx
xxx xxxx
Detroit, Michigan
xxxxxxxxx
(313) 963-7900

name change.

4

## Butler's Attempts to Make a Claim Under the Plan and Obtain Plan Documents

15.     Sometime in 2011, Butler submitted a claim to MetLife for a disability benefit under the Plan.

16.     On or about March 30, 2012, MetLife denied Butler's claim ("Initial Denial"), but its denial letter incorrectly referenced a "Traumatic Brain Injury Benefit" from a separate Plan instead of the PTDB. **Exhibit F.**

17.     Butler then timely appealed the Initial Denial with MetLife on May 1, 2012, and, on July 18, 2012, MetLife issued a Second Denial ("Second Denial") which, once again, incorrectly referenced the TBI as opposed to the PTDB. **Exhibit G**.

18.     Perplexed by MetLife's denials Butler first requested Plan documents from MetLife in writing on December 19, 2012. **Exhibit H**.

19.     In an effort to secure his PTDB under the Plan, Butler also sent BE, a letter on January 5, 2013, and, when BE failed to respond to the letter, Butler called BE, which in turn told Butler to contact someone at MetLife. **Exhibit I.**

20.     Butler followed-up with BE on or about February 6, 2013, and spoke with someone named "Robert." During this conference, which lasted several hours (most of which Butler spent on hold), Robert confirmed Butler was insured for the VGAI in the amount of **$1,000,000** as of the date of the Accident. Robert then conferenced in his supervisor Kaiwah (last name unknown) from BE, who, after placing Butler on hold for a long period of time once again, wrested control of the call and conferenced in MetLife supervisor, Toshiba Brown ("Brown"). Both Brown from MetLife and Kaiwah from BE then unequivocally told Butler (a) he was covered under the PTDB and (b) that MetLife would send him a check if he sent the pertinent language from the Plan. Butler satisfied this request, yet the PTDB never arrived.



(313) 965-7900

5

21. On February 28, 2013, Butler sent MetLife a letter, confirming that it recently received information regarding the PTDB (which was a separate benefit from the TBI referenced in Met Life's Initial Denial and Second Denial). This letter quoted the criteria for the PTDB and described how Butler satisfied the same, which entitled him to receive $1,000,000. It also confirmed that Butler, in writing the letter to MetLife, followed guidelines shared to him by the Michigan Office of Insurance Regulation about how to properly request his PTDB. **Exhibit J.**

22. On March 29, 2013, MetLife sent Butler a letter stating that Chrysler "does not have the Total and Permanently Disability provision in their Group Plan" but failed to address the fact that the PTDB appears in the Plan (see Exhibit B). **Exhibit K.**

23. In addition to not receiving the PTDB provided in the Plan and promised to Butler by both MetLife and BE personnel, he has yet to receive the documents in effect pursuant to the Plan despite his written requests for the same (Exhibit H & Exhibit I).

24. As a result of Chrysler's failure to response to Butler, he has been required to retain counsel to help him obtain the benefits and documents he is entitled to receive under Federal law. Moreover, Chrysler has not responded to Butler's counsel's pre-suit good-faith attempts to aid Butler in receiving his PTDB and requested Plan information.

## COUNT I
## CLAIM FOR BENEFITS PURSUANT TO 29 U.S.C § 1132(a)(1)(B)

25. Butler re-alleges and incorporates the allegations contained in Paragraphs 1 through 24 as if fully set forth herein.



26. Butler was covered under the Plan in 2002 and consistently paid the applicable premiums for the $1,000,000 PTDB throughout his tenure at Chrysler.

27. Butler has met all the requirements for qualifying for the PTDB benefit.

6

28. Butler was covered under the Plan, including the PTDB, at the time of the Accident.

29. Butler is entitled to receive his PTDB as a result of his Accident, but has been denied this substantial benefit despite being promised the same in violation of ERISA's guaranties and protections.

WHEREFORE, Plaintiff, John Butler respectfully requests that this Honorable Court award him the amount of the unpaid PTDB benefit pursuant to 29 U.S.C. § 1132(a)(1)(B), together with applicable costs, interest, reasonable attorney fees pursuant to 29 U.S.C. 1132(g)(1), and all other relief that is fair, equitable, or just.

**COUNT II**
**CLAIM FOR FAILURE TO PROVIDE NOTICE OF DELETION OF BENEFITS TO 29 U.S.C § 1132(a)(1)(B)**

30. Butler re-alleges and incorporates the allegations contained in Paragraphs 1 through 29 as if fully set forth herein.

31. Although Chrysler has not produced specific documentation that it deleted the PTDB, this Court assumes, arguendo, that it did delete the PTDB.

32. ERISA and federal common law require Chrysler to notify Butler of any material changes to the Plan. 29 CFR § 2520.104b-3; *Jensen v Sulvay, Chems, Inc.*, 625 F.3d 641, 657 (10th Cir. 2010).

33. At no time before the Accident however did Butler ever receive a SMM that eliminated the PTDB that would have applied to him.

34. As a result of Chrysler's failure to provide Butler a SMM amending or revoking the PTDB, the Plan must be reformed to include the PTDB (to the extent Butler is not already entitled to the PTDB).

WHEREFORE, Plaintiff, John Butler respectfully requests that if this Honorable

Kitch Drutchas Wagner Valitutti & Sherbrook
(313) 965-7900

Court determines that the PTDB was deleted from the Plan before the Accident, it also must order Chrysler to reform the Plan to reinstate the PTDB, award Butler the amount of the unpaid PTDB pursuant to 29 U.S.C. § 1132(a)(1)(B), together with applicable costs, interest, reasonable attorney fees pursuant to 29 U.S.C. 1132(g)(1), and all other relief that is fair, equitable, or just.

## COUNT III
## CLAIM FOR EQUITABLE ESTOPPEL 29 U.S.C § 1132(a)(3)(B)

35.    Butler re-alleges and incorporates the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36.    Although Chrysler has not produced specific documentation that it deleted the PTDB, this Court assumes, arguendo, that it did delete the PTDB.

37.    Chrysler, either intentionally or negligently, never informed Butler of any change to the PTDB before the Accident, which caused Butler to reasonably and justifiably rely upon this benefit until the date of his Accident.

38.    Notwithstanding its failure to notify Butler of any changes to the PTDB as required by federal law, it is now attempting to argue that the PTDB does not apply to Butler.

39.    Chrysler's denial of the existence of the PTDB as to Butler will undeniably prejudice Butler.

40.    Given Chrysler's failure to provide Butler the required notice of any change to the PTDB it must be equitably estopped from arguing that the PTDB does not apply to Butler pursuant to 29 U.S.C. § 1132(a)(3)(B).



WHEREFORE, Plaintiff, John Butler respectfully requests that if this Honorable Court determines that the PTDB was deleted from the Plan before the Accident, it also order Chrysler to reform the Plan to reinstate the PTDB, award Butler the amount of the

unpaid PTDB benefit pursuant to 29 U.S.C. § 1132(a)(2)(B), together with applicable costs, interest, reasonable attorney fees pursuant to 29 U.S.C. 1132(g)(1), and all other relief that is fair, equitable, or just.

## COUNT IV
## CLAIM FOR FAILURE TO PROVIDE DOCUMENTS PURSUANT TO 29 U.S.C. § 1024(b)(4)

41. Butler re-alleges and incorporates the allegations contained in Paragraphs 1 through 40 as if fully set forth herein.

42. Chrysler, the Plan Administrator, has a duty to provide a plan participant such as Butler with plan documents (including the applicable insurance policy) upon Butler's written request. 29 U.S.C. § 1024(b)(4).

43. Butler made his first written request for plan documents on December 19, 2012. **Exhibit H**.

44. Butler has not however received any material responsive to his request regarding the Plan, which is a violation of 29 U.S.C. § 1024(b)(4).³

45. As the result of Chrysler's failure to provide these documents, Butler has suffered great anguish trying to pursue his claim for benefits and has been required to retain counsel to pursue his claim and investigation. All of this could have been avoided had Chrysler met its statutory obligations to provide the requested documents.

46. Chrysler's failure to provide plan material in response to Butler requires Chrysler to pay Butler damages of $110 per day for each document requested starting

Koch Dreyfus
Wagner Vahluth &
Vanderpool
630 Woodward Avenue,
One Woodward Avenue,
Division, 480-68-sw
01290-1988

(313) 965-7900

---

³ During pre-suit communications, Chrysler provided a MetLife policy stemming from a 2008 Plan. Butler does not believe this Policy is responsive to his December 19, 2012, initial request nor subsequent requests because it does not reference the 2002 Plan.

9

thirty (30) days after Butler's December 19, 2012, request. 29 U.S.C. § 1132(c). [4]

WHEREFORE, Plaintiff, John Butler respectfully requests that this Honorable
Court award him $110 per day from January 18, 2013, to the present as a result of
Chrysler's violation of 29 U.S.C. § 1024(b)(4) together with applicable costs, interest
and statutory attorney fees, pursuant to 29 U.S.C. 1132(g)(1), and all other relief that is
fair, equitable, or just.

> Respectfully submitted,
> KITCH DRUTCHAS WAGNER VALITUTTI &
> SHERBROOK
>
> By:      /s/ Andrew Harris
> ANDREW M. HARRIS (P62265)
> MICHAEL SHPIECE (P37321)
> Attorneys for Plaintiff
> One Woodward Avenue, Suite 2400
> Detroit, MI 48226-5485
> (313) 965-7991

Dated:   December 16, 2014

DET02:1952888.1

---

[4] Although the language of 29 USC 1132( c) says $100/day, that amount was increased to $110/day
pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990 (the 1990 Act), as amended by
the Debt Collection Improvement Act of 1996. See 62 FR 40696 (7/29/1997).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOHN BUTLER, an individual

Hon.

Plaintiff,

Case No.:

v.

FCA US, LLC, a Delaware limited liability
company

Defendant.
_____/
ANDREW M. HARRIS (P62265)
MICHAEL SHPIECE (P37321)
Attorneys for Plaintiff
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
(313) 965-7991
_____/

**JURY DEMAND**

NOW COMES Plaintiff, John Butler, by and through his attorneys, KITCH

DRUTCHAS WAGNER VALITUTTI & SHERBROOK, P.C. and hereby demands a jury

trial in the within cause of action.

Respectfully submitted,
KITCH DRUTCHAS WAGNER VALITUTTI &
SHERBROOK

By:____/s/ Andrew Harris
ANDREW M. HARRIS (P62265)
MICHAEL SHPIECE (P37321)
Attorneys for Plaintiff
One Woodward Avenue, Suite 2400
Dated:  December 16, 2014            Detroit, MI 48226-5485
(313) 965-7991

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOHN BUTLER, an individual

Hon.

Plaintiff,

Case No.:

v.

CHRYSLER GROUP, LLC, a Delaware
limited liability company

_____Defendant._____/
ANDREW M. HARRIS (P62265)
MICHAEL SHPIECE (P37321)
Attorneys for Plaintiff
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
(313) 965-7991
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2014, I electronically filed the foregoing

paper with the Clerk of the Court using the ECF system.

I hereby certify that I have mailed by United States Postal Service the paper to

the following non-ECF participants:

      1. Chrysler Group, LLC
        30600 Telegraph Rd., Suite 2345
        Bingham Farms, MI 48025

                By:_____/s/ Andrew Harris
                ANDREW M. HARRIS (P62265)
                Attorney for Plaintiff
                One Woodward Avenue, Suite 2400
                Detroit, MI 48226-5485
                (313) 965-7991

DET02:1965403.1