UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

John Butler,

    Plaintiff,

v.                                                                                              Case No.: 14-14752

FCA US, LLC, a Delaware                                      Honorable Sean F. Cox
Limited Liability Company,

    Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS (Doc. #4)**

This is an ERISA[1] benefits case. Plaintiff John Butler ("Plaintiff") alleges that Defendant FCA US, LLC[2] ("Defendant" or "FCA") wrongfully denied his claim for benefits after he was seriously injured in an automobile accident. (Compl., Doc. #1).

This matter is before the Court on Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. #4). The motion has been fully briefed by the parties. For the reasons set forth below, the Court shall GRANT Defendant's Motion to Dismiss Count Two of the Complaint, DENY Defendant's Motion to Dismiss Count Four, and DENY WITHOUT PREJUDICE Defendant's Motion to Dismiss the entire Complaint based on the affirmative defense of res judicata.

**BACKGROUND**

Plaintiff was employed by Chrysler Group, LLC (Defendant's predecessor entity) for more

---

[1] Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*

[2] Formerly known as "Chrysler Group LLC."

than forty-four years. (Compl., Doc. #1 at ¶ A). Plaintiff alleges that he purchased and paid for additional disability insurance coverage to supplement the other various employee benefits he received through Chrysler. (Compl. at ¶ A). Specifically, Plaintiff alleges that he was covered under Chrysler's Group Insurance Plan ("the Plan") (*see* Compl. at ¶ 1), and that in 2002 he also purchased Voluntary Group Accident Insurance ("VGAI") as an option under the Plan. (Compl. at ¶ 7). Plaintiff claims that one of the benefits under the VGAI is a Permanent and Total Disability Benefit ("PTDB"). (Compl. at ¶ 7). Plaintiff alleges that Metropolitan Life Insurance Company ("MetLife") was the insurer and third-party administrator of Chrysler's VGAI Plan, but that "Chrysler is still responsible for the Plan and its benefits." (Compl. at ¶ 8).

Plaintiff alleges that, in 2008, he was rendered permanently and totally disabled by an automobile accident. (Compl. at ¶ B). "Sometime in 2011, [Plaintiff] submitted a claim to MetLife for a disability benefit under the Plan." (Compl. at ¶ 15). Under the 2002 version of the Plan, which Plaintiff believes applies to his claim for benefits, MetLife is listed as the Plan Underwriter of the VGAI Group Policy. (Compl. at Ex. B, PgID# 71).[3]

MetLife denied Plaintiff's claim on March 30, 2012. (Compl. at ¶ 16). Plaintiff timely appealed, but MetLife denied his claim a second time. (Compl. at ¶ 17). Plaintiff alleges that he communicated with someone at Chrysler's Plan and Benefit Express ("BE") who confirmed with MetLife that Plaintiff was entitled to PTDB benefits under the Plan. (Compl. at ¶ 20). Yet, Plaintiff never received those benefits. (*Id.*).

On December 5, 2013, Plaintiff, represented by counsel, filed a one count complaint against

---

[3] In 2004, Aetna Life Insurance Company became the administrator of the VGAI Program. (Compl at Ex. C, PgID# 131).

MetLife, alleging that MetLife wrongfully denied payment of benefits to Plaintiff in violation of ERISA. (*Butler v. Metropolitan Life Ins. Co.*, Civil Case No. 13-14958, E.D. Mich., Doc. #1) ("*Butler I*"). That case was assigned to Honorable Lawrence P. Zatkoff, United States District Judge. On April 4, 2014, after no activity had taken place since the case had been filed, Judge Zatkoff issued an "Order for Plaintiff to Show Cause Why This Case Should Not be Dismissed for Failure to Prosecute." (*Butler I*, Case No. 13-14958, Doc. #4). Plaintiff's response was due by April 18, 2014. (*Id.*). Plaintiff failed to respond to the April 4, 2014 Show Cause Order. On April 22, 2014, Judge Zatkoff dismissed Plaintiff's case for failure to prosecute, pursuant to Local Rule 41.2.[4] (Case No. 13-14958, Doc. #6).

Plaintiff, now represented by different counsel, filed this case against Defendant FCA on December 16, 2014. (Compl., Doc. #1). In his Complaint, Plaintiff alleges four Counts against FCA:

> Count One - Claim for Benefits Pursuant to 29 U.S.C. § 1132(a)(1)(B);
>
> Count Two - Claim for Failure to Provide Notice of Deletion of Benefits to 29 U.S.C. § 1132(a)(1)(B);
>
> Count Three - Claim for Equitable Estoppel 29 U.S.C. § 1132(a)(3)(B); and
>
> Count Four - Claim for Failure to Provide Documents Pursuant to 29 U.S.C. § 1024(b)(4).

(Compl., Doc. #1).

---

[4] E.D. Mich. LR 41.2 provides: "Subject to Fed. R. Civ. P. 23(e) and LR 81.1, when it appears that the Court lacks subject matter jurisdiction or that the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown. An application for a continuance or pending discovery may not preclude a dismissal for failure to prosecute."

In lieu of filing an Answer, Defendant has filed a Motion to Dismiss Pursuant to Civil Rule 12(b)(6). (Doc. #4). Defendant argues that Plaintiff's claims are barred by res judicata based on the dismissal for failure to prosecute of Plaintiff's first case against MetLife. Alternatively, Defendant argues that Counts Two and Four should be dismissed because they each fail to state a claim upon which relief may be granted. (Doc. #4 at i). Plaintiff opposes Defendant's motion. (Pl. Resp., Doc. #10).

## STANDARD OF REVIEW

When deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must construe the complaint in the light most favorable to the plaintiff and must accept all the factual allegations contained in the complaint as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

In order to survive a Rule 12(b)(6) motion to dismiss, Plaintiff's complaint need contain only "enough facts to state a claim for relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

4

*Iqbal*, 556 U.S. at 679.

## ANALYSIS

Defendant argues that all of Plaintiff's claims in this case are barred by the doctrine of res judicata, which is also known as claim preclusion. In the alternative, Defendant argues that Counts Two and Four should be dismissed because they each fail to state a claim upon which relief may be granted.

### I.     Defendant Has Not Met Its Burden Of Establishing That Res Judicata Applies In This Case.

Res judicata is an affirmative defense, but may be raised in the context of a motion to dismiss. *See Westwood Chemical Co., Inc. v. Kulick*, 656 F.2d 1224, 1228-29 (6th Cir. 1981) ("[I]t is now clearly established that res judicata can also be raised by motion."). "The doctrine of res judicata precludes a subsequent suit between the same parties based on the same claims or causes of action that were or could have been raised in a prior action." *Fillmore v. Brush Wellman, Inc.*, 2004 WL 527167, at *1 (N.D. Ohio Feb. 5, 2004) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)).

"The preclusive effect of a federal-court judgment is determined by federal common law." *Stryker Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 681 F.3d 819, 824 (6th Cir. 2012) (citation omitted). Under federal common law, a party asserting res judicata must establish four elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995); *see also Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 880 (6th Cir. 1997). "The party asserting the defense of res judicata

5

. . . bears the burden of proof." *Keymarket of Ohio, LLC v. Keller*, 483 Fed. App'x 967, 971 (6th Cir. 2012).

Plaintiff argues that the second and fourth elements cannot be met. In other words, Plaintiff claims that MetLife and FCA are not in privity, and that there is no identity between the causes of action in *Butler I* and the instant case. Because Plaintiff only challenges two of the four *res judicata* elements, the Court presumes that Plaintiff concedes that Defendant has met its burden of proof on the other two elements.[5]

### A) Same Parties Or Their Privies

---

[5] The Court will nevertheless justify the conclusion that dismissal for failure to prosecute constitutes a final judgment on the merits, because at first blush it appears to be an anomalous result.

Involuntary dismissals for failure to prosecute are governed by Federal Rule of Civil Procedure 41. It provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Judge Zatkoff dismissed *Butler I* for failure to prosecute pursuant to E.D. Mich. LR 41.2. (Zatkoff April 22, 2014 Order Def. Mo. at Ex. 1). In his Order of Dismissal, Judge Zatkoff did not state that he was dismissing the case without prejudice. Thus, pursuant to Rule 41, the dismissal constitutes an adjudication on the merits. *Fondel v. Ford Motor Co.*, 803 F.2d 719 (6th Cir. 1986) (finding that dismissal for failure to prosecute was dismissal on the merits for purposes of res judicata analysis); *Taylor v. Burger King Restaurant, Inc.*, 961 F.2d 1579 (6th Cir. 1992) (same); *Mason v. Ogden Allied Aviation Servs. Corp.*, 68 F.3d 474 (6th Cir. 1995) (citing *Proctor v. Millar Elevator Service Co.*, 8 F.3d 824 (D.C. Cir. 1993) (dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) operates as an adjudication upon the merits unless the district court in the order otherwise specifies)); *La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc.*, 495 F.2d 1265, 1275 (2d Cir. 1974) ("Under [Civil Rule 41], a dismissal for failure to prosecute an action 'operates as an adjudication upon the merits,' unless the court specifies otherwise.").

In order for *res judicata* to apply, the prior case and the current case must involve the same parties or their privies. *Kane*, 71 F.3d at 560. It is undisputed that FCA was not a party to *Butler I*. Generally, a nonparty to a suit is not barred or prevented from re-litigating claims and issues resolved by that suit.[6] *See, e.g., Amos v. PPG Indus., Inc.*, 699 F.3d 448, 451 (6th Cir. 2012) (acknowledging the general rule against nonparty preclusion).

The existence of "privity" is an exception to this general rule. The term "privity" is used to describe a situation in which a nonparty to a prior suit should nevertheless be bound by its judgment. *Sturgell*, 553 U.S. at 894 n. 8 ("The term 'privity,' however, has also come to be used more broadly, as a way to express the conclusion that nonparty preclusion is appropriate on any ground."); *see also* Wright & Miller, Fed. Prac. & Proc. Juris. § 4449 (2d ed.) ("As the preclusive effects of judgments have expanded to include nonparties in more and more situations, however, it has come to be recognized that the privity label simply expresses a conclusion that preclusion is proper."). Thus, to answer the question of whether "privity" exists, the Court must determine whether this case presents a situation in which nonparty preclusion is appropriate.

The United States Supreme Court has "preserved the constitutionality of federal common-law preclusion as to non-parties in the previous litigation in the context of six discrete 'categories' with limited application." *Ludwig v. Township of Van Buren*, 682 F.3d 457, 462 (6th Cir. 2012) (citing *Sturgell*, 553 U.S. at 893–95). These "discrete categories" are as follows:

> (1) a person agrees to be bound by determination of issues in an action between others; (2) there is a pre-existing substantive legal relationship between the person to be bound and a party to judgment, for instance preceding and succeeding property

---

[6] This is because "[a] person who was not a party to a suit . . . generally has not had a 'full and fair opportunity to litigate' the claims and issues settled by that suit." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008).

>owners, bailee and bailor, or assignee and assignor; (3) the nonparty was adequately represented by someone with the same interests who was a party, as in a properly conducted class action or suit brought by trustee, guardian or other fiduciary; (4) the nonparty assumed control over the prior litigation; (5) the nonparty served as proxy for a party; and (6) a special statutory scheme expressly foreclosed successive litigation by nonlitigants.

*Id.* (citing *Sturgell*, 553 U.S. at 893–95). While the Supreme Court stated that these categories are not exclusive, *Sturgell*, 553 U.S. at 893 n. 6, it has also made clear that "[t]he preclusive effects of a judgment in a federal-question case decided by a federal court should . . . be determined according to the established grounds for nonparty preclusion" described in the *Sturgell* opinion. *Sturgell*, 553 U.S. at 904.

In its motion to dismiss, Defendant argued that MetLife as plan insurer[7] and FCA as plan administrator are in privity because their interests are identical. (Def. Mo. at 15). Defendant also asserted, citing *Sturgell*, that MetLife and FCA "maintain a substantive legal relationship such that FCA is entitled to the benefits of a judgment entered in the prior action." (Def. Mo. at 16).

In support of its position that MetLife and FCA are in privity, Defendant relied chiefly on *Daley v. Marriot Int'l, Inc.*, 415 F.3d 889 (8th Cir. 2005). In *Daley*, the Eighth Circuit affirmed the lower court's finding that Marriott (the plan administrator) was in privity with the benefit Plan. *Id.* at 897. Here, the issue is whether the plan administrator is in privity with a third-party insurer/claims administrator, not with the Plan itself. Thus, the Court found *Daley* unpersuasive.

---

[7] MetLife was the third-party insurer/claims administrator of the VGAI under the Plan. *See* Compl. at Ex. B PgID 71. "A claims administrator is the party responsible for claims review and approval under the given benefit plan." *Butler v. United Healthcare of Tenn., Inc.*, 764 F.3d 563, 570 (6th Cir. 2014). FCA (formerly Chrysler) is the Plan Administrator under the Plan. 29 U.S.C. §1002(16) (defining "administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated . . . ."); *see also* Plan Document, attached to Compl. at Ex. B, PgID 70.

8

Further, Defendant made no attempt to explain exactly *how* or *why* its interests are so aligned with MetLife's such that the two distinct entities are in privity with each other.

This Court ordered Defendant to submit supplemental briefing explaining how MetLife, a third-party insurer/claims administrator, and FCA, successor to the plan administrator, are in privity with one another for res judicata purposes, assuming that the Court finds *Daley* unpersuasive. (Order, Doc. #12 at 1–2).[8]

Defendant filed its supplemental brief, as ordered, on June 9, 2015. (Doc. #15). Defendant responds that *Sturgell* does not control the privity issue because in *Sturgell*, "the defendants were seeking to bar the plaintiff's claim based on a prior suit brought by a different *plaintiff*. Thus, the Supreme Court focused on the 'deep-rooted historic tradition that everyone should have his own day in court . . . .'" (Def. Supp. Br. at 2). Because Plaintiff here is the same Plaintiff in *Butler I*, Defendant claims that Plaintiff has already had his "day in court" and *Sturgell* does not apply.

Assuming, rightfully so, that this Court intends to follow *Sturgell*, Defendant further argues that the second *Sturgell* exception—that there is a pre-existing legal relationship between the person to be bound and a party to the prior judgment—applies here because FCA and MetLife have a principal-agent relationship. (Def. Supp. Br. at 4–5). Defendant cites to *ABS Indus., Inc. v. Fifth Third Bank*, 333 Fed. App'x 994, 999 (6th Cir. 2009), in which the Sixth Circuit held that "it is well settled that a principal-agent relationship satisfies the privity requirement of res judicata where the claims alleged are within the scope of the agency relationship." *Id.* Defendant appears to assert that

---

[8]The Court also ordered Plaintiff to file a supplemental brief addressing whether or not Plaintiff concedes that Counts One through Four of the Complaint were or should have been litigated in *Butler I*. (Doc. #12). Plaintiff filed his supplemental brief (Doc. #14) and Defendant responded (Doc. #17).

9

MetLife and FCA have a principal-agent relationship because the Plan designated MetLife as the Plan Underwriter/Claims Administrator, and because the Plan sets forth that all claims decisions and appeals would be reviewed by MetLife, the Insurance Carrier. (*See* Compl. at Ex. B Pg. ID #70, 71).

At oral argument on the motion, Defendant further argued to the Court that MetLife and FCA are in privity because they have a contractual relationship,[9] because their liabilities regarding administration of the plan are identical, and because any judgment against FCA will be binding on MetLife due to the fact that MetLife is responsible for paying benefits claims.

With permission, Plaintiff responded to Defendant's supplemental brief. (Doc. #16). Plaintiff responds by arguing, among other things, that the pertinent plan documents do not indicate that MetLife and FCA have a principal-agent relationship. (Doc. #16 at 6). At oral argument, Plaintiff added that MetLife and FCA do not have the same roles and responsibilities with regard to the administration of the Plan, although Plaintiff was not able to explain what their respective roles and responsibilities are.

The Court concludes that Defendant has not met its burden of establishing that privity exists between FCA and MetLife. Defendant has not provided, and this Court has not found, a case in which any court found that a Plan Administrator (like FCA) and a third-party insurer/Claims Administrator (like MetLife) are in privity. As mentioned, the case Defendant relies upon most heavily (*Daley*) states that a plan and its plan administrator are in privity. That does not answer the question of whether a plan administrator and a plan insurer/claims administrator are in privity.

Defendant asserts that the interests of MetLife and FCA are identical, but does not explain

---

[9] No contract existing between FCA and MetLife is attached to the pleadings, or otherwise a part of the record that this Court could properly consider on a motion to dismiss.

what their respective interests are or how they are aligned. Defendant also asserts in its supplemental brief that MetLife was the agent of FCA, but fails to explain how these entities had a principal-agent relationship and fails to provide any documentary evidence in support of that assertion.[10] Nor has Defendant pointed to any case in which a court found that a claims administrator was the agent of the plan administrator.

Finally, Defendant states that MetLife and FCA are in privity because, whether Plaintiff obtains a judgment for wrongful denial of benefits against FCA or MetLife, it is MetLife that will be responsible for satisfying the judgment.[11] That may very well be true. However, no evidence supporting this assertion exists in the documents attached to the pleadings. In considering a motion to dismiss, the validity of the affirmative defense must be ascertainable from the pleadings and all documents attached thereto. Here, the validity of Defendant's res judicata defense cannot be

---

[10] At oral argument, both parties directed the Court's attention to *ABS Industries v. Fifth Third Bank*, 333 Fed. App'x 994 (2009) for a discussion of privity and a principal-agent relationship. The Court finds that the *ABS* case is not controlling of the issues raised here because in *ABS*, the Sixth Circuit considered whether res judicata applied under Ohio state law. Here, as set forth above, federal common law of preclusion applies when a federal judgment is concerned.

[11] The Plan does not appear to clearly establish that MetLife is solely responsible for claims and benefits determinations and, in fact, appears to indicate the opposite. The 2002 Plan provides that "the determination and findings made in good faith by the Plan Administrator with respect to (1) the fact that, as of any given time, an employee or dependent is, or is not, covered for benefits for which he or she is eligible under the program; and (2) the amount of the benefits, if any, under the program as of any given time, will be conclusive and binding upon the Plan Administrator and all persons for purposes of coverage described in this booklet." (Compl. at Ex. B PgID# 69). Further, the Plan states that "[t]he Plan Administrator has the sole and absolute discretionary authority to interpret, and to make determinations with regard to the terms, conditions or administration of the Plan, including, but not limited to issues regarding conflicting provisions, doubtful terms, *and the determination of claims or eligibility for benefits*. The Plan Administrator's decisions will be final and binding upon all persons." (Compl. at Ex. B PgID# 71) (emphasis added).

established based on the allegations and evidence currently before the Court.

It is Defendant's burden to establish that res judicata applies. Defendant has failed to convince the Court that FCA, a nonparty to the *Butler I* litigation, is bound by the judgment entered in that case against MetLife. While Defendant has asserted numerous and differing theories on how MetLife and FCA are in privity, none of Defendant's theories are sufficiently developed or supported to warrant dismissal of the case at this juncture. Accordingly, the Court shall DENY WITHOUT PREJUDICE Defendant's Motion to Dismiss to the extent that it is based on the affirmative defense of res judicata. If Defendant believes that it can better support its res judicata defense at the summary judgment stage, Defendant may raise it again at that time.

### B) Identity Of Causes Of Action

Even if Defendant had established privity between MetLife and FCA, Defendant's motion would still fail, in part, because the fourth prong of res judicata analysis cannot be met. That is to say, there is not complete identity of the causes of action alleged in *Butler I* and *Butler II.*

For res judicata to apply, the Court must find that an identity of the causes of action exists between the earlier suit and the present suit. *Kane*, 71 F.3d at 560. "Identity of causes of action means an 'identity of the facts creating the right of action and of the evidence necessary to sustain each action.'" *Sanders Confectionary Prods., Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 484 (6th Cir. 1992) (quoting *Kulick*, 656 F.2d at 1227)). "The now-accepted test in preclusion law for determining whether two suits involve the same claim or cause of action depends on factual overlap, barring 'claims arising from the same transaction.'" *United States v. Tohono O'Odham Nation*, 131 S. Ct. 1723, 1730 (2011) (quoting *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 482 n. 22 (1982)); *Browning v. Levy*, 283 F.3d 761, 773–74 (6th Cir. 2002) (citation omitted) (explaining that

identity of claims "is satisfied if 'the claims arose out of the same transaction or series of transactions, or whether the claims arose out of the same core of operative facts.'").

Regarding Count Two, in which Plaintiff attempts to state a claim for "Failure to Provide Notice of Deletion of Benefits to 29 U.S.C. §1132(a)(1)(B)," the Court finds that this cause of action does not share an identity with the claim for wrongful denial of benefits alleged in *Butler I*. The crux of Plaintiff's claim under Count Two is that Defendant wrongfully removed benefits from the Plan without providing notice to Plaintiff, and therefore the Plan should be reformed to include the removed benefit. *See* 29 C.F.R. § 2520.104b-3 (setting forth summary material modification disclosure requirements). In order to succeed on this claim, Plaintiff would have to prove that the administrator failed to comply with the applicable regulation. To contrast, in order to prevail on his wrongful denial of benefits claim, Plaintiff would have to prove that he was actually entitled to VGAI benefits under the Plan. The facts supporting these two causes of action appear to have little if any overlap. Accordingly, the Court finds that Count Two of the Complaint does not share an identity with the wrongful denial of benefits claim asserted in *Butler I*.

As to Count Four, in which Plaintiff claims that Defendant failed to provide records as required by ERISA, the Court finds that it is not identical to Plaintiff's cause of action in *Butler I*.[12] 29 U.S.C. § 1024(b)(4) requires that a plan administrator "shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary,[] plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." *Id.* Section 1132(c)(1)(B)

---

[12] This claim could not have been brought against MetLife in *Butler I* because only a plan administrator is liable for statutory penalties for failure to provide records. *Butler v. United Healthcare of Tennessee, Inc.*, 764 F.3d 563, 570 (6th Cir. 2014).

"authorizes statutory damages if the plan administrator fails to comply with a request for such information." *Jordan v. Tyson Foods, Inc.*, 312 Fed. App'x 726, 734 (6th Cir. 2008); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 759–60 (6th Cir. 2005).

Per the plain language of the statute, Plaintiff would have to prove, at a minimum, that he 1) sent a written request for documents to his plan administrator, and 2) the plan administrator failed to provide him with the requested documents. Plaintiff does not have to offer evidence supporting these two facts to prevail on his claim for wrongful denial of benefits. Thus, Plaintiff's alleged cause of action for Failure to Provide Records does not have the same factual basis as the claim for wrongful denial of benefits alleged in *Butler I*, and does not rely on the same evidence. *See Sanders*, 973 F.2d at 484. Accordingly, Plaintiff's Count Four does not share an identity with the cause of action alleged in *Butler I*.

Based on the foregoing, the Court shall DENY WITHOUT PREJUDICE Defendant's Motion to Dismiss to the extent that it is based on the res judicata defense.

## II.    Count Two ("Claim For Failure To Provide Notice of Deletion of Benefits") Shall Be Dismissed For Failure To State A Claim.

In Count Two of the Complaint, Plaintiff states that if the Court "determines that the PTDB was deleted from the Plan before the Accident, it also must order Chrysler to reform the Plan to reinstate the PTDB, [and] award Butler the amount of the unpaid PTDB pursuant to 29 U.S.C. § 1132(a)(1)(B) . . . ."  (Compl. at p. 7–8).

Defendant argues, in the alternative, that Count Two fails to state a claim because reformation is not an available remedy under § 1132(a)(1)(B). (Def. Mo. at 20) (citing *Cigna Corp. v. Amara*, 131 S. Ct. 1866 (2011)). Plaintiff responds that *Amara* does not relieve Defendant of its duty to disclose any deletion of benefits from the Plan. (Pl. Resp. at 13).

Pursuant to 29 C.F.R. § 2520.104b-3, Defendant's predecessor (Chrysler) had a duty to notify Plan beneficiaries, including Plaintiff, of material changes to the Plan. But the penalty for failing to comply with this notice requirement appears to be limited. Defendant correctly points out that reformation is not an appropriate remedy under § 1132(a)(1)(B). *Amara*, 131 S. Ct. at 1871. As pleaded, the Complaint specifically seeks reformation pursuant to § 1132(a)(1)(B). Therefore, the Court concludes that the Complaint as pleaded fails to state a claim upon which relief may be granted.

There are additional reasons to doubt the plausibility of Count Two, which seeks an award of benefits based on Defendant's alleged failure to disclose plan changes. "The Sixth Circuit has repeatedly held that a substantive award of benefits is not the appropriate remedy for a violation of the ERISA notice and disclosure requirements in denial of benefits claims." *Schornhorst v. Ford Motor Co.*, 606 F. Supp. 2d 658, 668 (E.D. Mich. 2009); *Lewandowski v. Occidental Chemical Corp.*, 986 F.2d 1006, 1008 (6th Cir. 1993) ("[N]othing in . . . § 1132 . . . suggests that ERISA would approve of an affirmative damage recovery based merely on a plan administrator's failure to adhere to proper notification and disclosure procedures."). For this reason as well, the Court finds that Count Two of the Complaint fails to state a plausible claim for relief. Therefore, the Court shall GRANT Defendant's Motion to Dismiss Count Two of the Complaint.

**III.    Count Four ("Claim for Failure to Provide Documents") Will Not Be Dismissed For Failure To State A Claim.**

In Count Four of the Complaint, Plaintiff alleges that Chrysler had a duty to provide him with plan documents upon his written request, that he requested plan documents from MetLife and from Chrysler's Benefits Express, and that Chrysler failed to timely provide him with the documents requested, in violation of 29 U.S.C. § 1024(b)(4). (Compl. at 9–10). Under the Plan, the Plan

Administrator is DaimlerChrysler Corporation, located at 1000 Chrysler Drive, Auburn Hills, MI 48326. (Compl. at Ex. B PgID# 70). The party with "Responsibility for Administration of the Plan" is Benefits Express, Hewitt Associates, 100 Half Day Road, Lincolnshire, Illinois, 60069. (*Id*).

Under § 1024(b)(4), the Plan Administrator has a duty to provide a copy of Plan documents to a participant or beneficiary upon written request. 29 U.S.C. § 1024(b)(4). Only a plan administrator is liable for statutory penalties for failure to provide records. *Butler*, 764 F.3d at 570. A plan administrator's duties under § 1024(b)(5) are not triggered if the beneficiary or participant directs his or her written request to an entity other than the plan administrator. *McCarthy v. Ameritech Pub, Inc.*, 763 F.3d 469, 485 (6th Cir. 2014).

Defendant argues that Count Four fails to state a claim because Plaintiff did not direct his request for documents to the Plan Administrator, but instead directed his requests to MetLife and then, at Metlife's direction, to Chrysler's "Benefits Express." (Def. Mo. at 22).

Plaintiff concedes that he directed his request for documents to Benefits Express. But Plaintiff states that he sent his request to Benefits Express because MetLife, in responding to his request for documents, instructed him to direct his request to Chrysler via Benefits Express. (Pl. Resp. at Ex. Q).

The Court finds that Plaintiff has stated a claim under § 1024(b) for failure to provide documents upon request. Benefits Express is the entity to which the Plan Administrator has delegated responsibility for administration of the Plan. Benefits Express appears to have been responsible for fulfilling the plan administrator's duties. The plan documents directed beneficiaries to contact Benefits Express, for example, to receive an eligibility determination if a claim had been denied. (Compl., Ex. C at Page ID# 105). This is a function that would otherwise be carried out by

16

the plan administrator. Accordingly, it appears that Plaintiff directed his document request to Benefits Express at the plan administrator's instruction. The Court shall DENY Defendant's Motion to Dismiss Count Four of the Complaint.

## CONCLUSION

For the reasons set forth above, the Court shall GRANT IN PART and DENY IN PART Defendant's Motion to Dismiss Pursuant to Civil Rule 12(b)(6) (Doc. #4). The Court shall Grant Defendant's Motion to Dismiss in part and DISMISS Count Two of the Complaint for failure to state a claim, but DENY Defendant's Motion to Dismiss Count Four, and DENY WITHOUT PREJUDICE Defendant's motion to dismiss the entire Complaint based on the affirmative defense of res judicata.

**IT IS SO ORDERED.**

                                                      S/Sean F. Cox
                                                      Sean F. Cox
                                                      United States District Judge

Dated: August 11, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 11, 2015, by electronic and/or ordinary mail.

                                                      S/Jennifer McCoy
                                                     Case Manager